BAKER, Judge
(concurring in the result):
In light of the granted issue and the Government’s concession of error, I do not find it necessary for this Court to reach a judgment as to whether appellant reasonably raised a mistake-of-fact defense requiring a mistake-of-fact instruction. As for prejudice, I agree with the majority and the Court of Criminal Appeals; any error was harmless beyond a reasonable doubt.
As the lower court illustrated, the evidence was overwhelming that appellant was aware he was dealing in stolen goods. Among other things, “[o]n average, the appellant paid his suppliers only 25 cents per dollar of retail value.” United States v. McDonald, No. 33759, slip op. at A5, 2001 WL 205355 (AF Ct.Crim.App. Feb. 16, 2001). Appellant’s business transactions with Mr. Mitchell “took place in parking lots at various places in *23 town, one of which they referred to by the fictitious name of Wendy’s Apartment.’” ‘When asked by his co-worker if he was sure the merchandise was legitimately obtained, the appellant responded, ‘What I don’t know can’t hurt me.’ ” Id. Finally, and definitively, during a controlled sale, appellant agreed to purchase the contents of a rental truck full of new electronic equipment valued at more than $19,000 for $4,500. In the process of doing so, appellant checked the undercover seller for a wire. Id. at A5-6.